[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11133
Non-Argument Calendar
_____

Agency No. A208-690-443

BEREKET OKBAZGHI GEBRENIGUS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 30, 2019)

Before MARCUS, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Bereket Okbazghi Gebrenigus petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his second motion to reopen.  Gebrenigus argues that (1) the BIA abused its discretion by denying his motion to reopen as time- and number-barred because he presented evidence of changed country conditions in Eritrea; (2) the BIA committed legal and constitutional error by failing to consider record evidence when deciding whether to reopen his case under its *sua sponte* authority; and (3) we should remand to the BIA with instructions to consider additional evidence that became available after the BIA issued its decision.

## I.

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision.  *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).  When the BIA explicitly agrees with the findings of the IJ, we will review the decision of both the BIA and the IJ as to those issues.  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).  We review the BIA's denial of a motion to reopen removal proceedings for an abuse of discretion.  *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).  This review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner.  *Id.*

Generally, an alien may only file one motion to reopen, which must be filed within 90 days of the date of the final removal order.  *See* Immigration and

2

Nationality Act ("INA") § 240(c)(7)(A), (C)(i), 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time- and number-bars do not apply if a petitioner seeks reopening of his asylum proceedings based on changed country conditions in the removal country. 8 C.F.R. § 1003.2(c)(3)(ii). Evidence of changed country conditions must be material and must have been unavailable or undiscoverable at the time of the previous hearing. *Id.* New evidence is material if the petitioner demonstrates that, if the proceedings were opened, the evidence would likely change the result in the case. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256-57 (11th Cir. 2009). In *Jiang*, we held that the BIA and IJ abused their discretion by denying Jiang's motion to reopen because although China's coercive family planning policies had been in effect since 1979, she presented new evidence that family planning laws were being more stringently enforced in her hometown. *Id.* at 1258.

Here, the IJ and BIA did not abuse their discretion in denying Gebrenigus's motion to reopen as time- and number-barred. Further, the IJ and BIA did not abuse their discretion by concluding that Gebrenigus did not present evidence of changed country conditions to overcome these limitations because the reports Gebrenigus submitted in support of his motion showed a continuation of the same conditions that existed at the time of his original hearing.

3

II.

We review *de novo* our subject matter jurisdiction.  *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1282 n.4 (11th Cir. 2016).

The BIA may at any time reopen or reconsider *sua sponte* any case in which it has rendered a decision.  8 C.F.R. § 1003.2(a).  The decision to reopen *sua sponte* is committed to agency discretion, which is so wide and standardless that it is not reviewable.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293-94 (11th Cir. 2008).  Thus, we lack jurisdiction to review legal claims related to the BIA's denial of a motion to reopen proceedings *sua sponte*.  *See Butka*, 827 F.3d at 1285.  However, we have expressly left open the question of whether we may exercise jurisdiction over constitutional claims related to an underlying request for *sua sponte* reopening.  *Lenis*, 525 F.3d at 1294 n.7; *Butka*, 827 F.3d at 1286 n.7.

We may review legal and constitutional claims associated with a petition for review notwithstanding the INA's jurisdictional bars.  INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  The exception to the jurisdiction-stripping provisions contained in the INA applies only when the petitioner's constitutional claim is "colorable."  *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007).  If the constitutional claim has no merit, we lack jurisdiction.  *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1333 (11th Cir. 2003).

4

Due process claims must assert a deprivation of a constitutionally protected liberty or property interest. *Bing Quan Lin*, 881 F.3d at 868-69. There is no constitutionally protected interest in purely discretionary forms of relief. *Id.* Motions to reopen are discretionary forms of relief as to which there is no constitutionally protected interest. *Id.*

Here, we lack jurisdiction to consider Gebrenigus's legal and constitutional claims associated with the denial of *sua sponte* reopening. Even if we have jurisdiction to consider colorable constitutional claims related to the denial of *sua sponte* reopening, we do not have jurisdiction here because Gebrenigus's constitutional claim is not colorable because he can claim no constitutionally protected interest in a motion to reopen proceedings.

## III.

The INA limits the scope of an appeals court's review to the administrative record on which the order of removal is based. INA § 242(b)(4)(A), 8 U.S.C. § 1252(b)(4)(A). In addition, it bars appeals courts from remanding a case to the BIA to consider additional evidence. *See* INA § 242(a)(1), 8 U.S.C. § 1252(a)(1) (limiting appellate courts' ability to remand for consideration of additional evidence under 28 U.S.C. § 2347(c)). We interpret these limitations as a jurisdictional bar prohibiting us from consideration of extra-record evidence submitted for the first time on appeal or from remanding to the BIA to consider

5

new evidence.  *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1278-79, 1281 (11th Cir. 2001).

Here, we cannot address the new evidence Gebrenigus submitted in his appendix because our review is limited to the administrative record.  Further, we do not have the authority to remand the case to the BIA for consideration of this evidence.

**PETITION DISMISSED IN PART AND DENIED IN PART.[1]**

---

[1]    The Government's motion to strike portions of Gebrenigus' appendix is DENIED.